**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LANCE E. WILLIAMS,

        Plaintiff - Appellant,

  v.

JEHOSHUA JALIJALI, Corrections
Officer; D. LACROIX, Corrections Officer,

        Defendants - Appellees.

No. 24-183

D.C. No. 2:22-cv-00605-KJM-JDP

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted December 17, 2025**

Before:    PAEZ, CHRISTEN, and KOH, Circuit Judges.

Former California prisoner Lance E. Williams appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to pay

the filing fee after revoking Williams's in forma pauperis ("IFP") status. We have

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the denial of leave to proceed in forma pauperis ("IFP"). *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). We reverse and remand.

The district court revoked Williams's IFP status on the ground that Williams failed to report $505 existing in his inmate trust account on his IFP application. However, because the district court determined that Williams's inaccurate reporting of his assets was not made in bad faith, the court erred in revoking Williams's IFP status as a sanction. *See id.* at 1234 n.8 (explaining that to issue a sanction under 28 U.S.C. § 1915(e)(2)(A), "a showing of bad faith is required, not merely inaccuracy").

Williams's requests for judicial notice set forth in his opening brief are denied.

**REVERSED and REMANDED.**